# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION

| | |
|---|---|
| SARAH MIKELSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 16-01237-CV-W-RK ) |
| ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, ASHLEY STEVENSON, PROGRESSIVE DIRECT INSURANCE COMPANY, | ) ) ) ) ) ) |
| Defendants. | ) |

## ORDER (1) HOLDING IN ABEYANCE PLAINTIFF'S MOTION TO REMAND, (2) DIRECTING THE PARTIES TO SUPPLEMENT THEIR BRIEFS, AND (3) ORDER TO SHOW CAUSE

This matter comes before the Court on Plaintiff Sarah Mikelson's Motion to Remand. (Doc. 7.) For the following reasons, the Court **HOLDS IN ABEYANCE** its ruling on the motion, directs the parties to supplement their briefs on the nominal party issue, and further directs Plaintiff to respond to the Court's show cause directive.

## I.  Background

On October 31, 2016, Plaintiff originally filed this lawsuit in the Circuit Court of Jackson County, Missouri. The lawsuit consists of three defendants: Ashley Stevenson ("Stevenson"), Allstate Fire and Casualty Insurance Company ("Allstate"), and Progressive Direct Insurance Company ("Progressive"). (Doc. 1-1.) In her petition, Plaintiff alleges that she was injured in an accident that occurred in Kansas City, Missouri, when Stevenson's vehicle hit the motorcycle upon which Plaintiff was riding. Plaintiff alleges that at the time of the accident, she was insured under policies issued by Allstate and Progressive. Plaintiff's first cause of action (Count I) seeks to recover uninsured motorist benefits under the Allstate policy and Plaintiff's second cause of action (Count II) seeks a declaratory judgment stating that Progressive does not have a lien on money offered by Stevenson's insurance company as settlement for Plaintiff's separate underlying liability claims.

Allstate was served on November 14, 2016, and thereafter filed a Notice of Removal on November 21, 2016. The Notice of Removal alleges that jurisdiction exists pursuant to

28 U.S.C. § 1332, because there is complete diversity of citizenship between Plaintiff and all defendants and the amount in controversy exceeds $75,000. (Doc. 1.) Plaintiff is a Kansas citizen; Stevenson is a Missouri citizen; Allstate is Illinois corporation and has its principal place of business in that state; and Progressive is an Ohio corporation and its principal place of business in that state. Allstate's Notice of Removal states that as of the date of removal, its two co-defendants had not been served. (Doc. 1 at 2, ¶¶ 4, 9-10.)

Plaintiff filed her Motion to Remand on November 23, 2016, in which she raises multiple bases for remand. Plaintiff raises both jurisdictional and procedural issues, and while the Court concludes that removal procedures were followed, the parties' discussion is insufficient to facilitate a meaningful analysis of the Court's jurisdiction. As discussed below, the Court holds its ruling on Plaintiff's Motion to Remand in abeyance upon additional briefing by the parties. At present, the Court will resolve the following two issues raised by Plaintiff's Motion to Remand—(1) the rule of unanimity and (2) the forum-defendant rule with respect to unserved defendants.

## II. Discussion

### A. The Rule of Unanimity

The Court first addresses Plaintiff's argument that Allstate's removal is procedurally defective by Allstate's failure to satisfy the unanimity requirement.

28 U.S.C. § 1446(b)(2)(A) provides that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." "Where there are multiple defendants, all must join in [removal] within thirty days of service." *Christiansen v. Branch Cmty. Sch. Dist.*, 674 F.3d 927, 932 (8th Cir. 2012) (citation omitted). It is not necessary for all defendants to actually sign the notice of removal so long as there is "some timely filed written indication from each served defendant, or from some person with authority to act on the defendant's behalf, indicating that the defendant has actually consented to the removal." *Pritchett v. Cottrell, Inc.*, 512 F.3d 1057, 1062 (8th Cir. 2008) (citation and internal quotation marks omitted). Stemming from the rationale that the unanimity requirement should not be applied in a hypertechnical and unrealistic manner, the written indication of consent can come in various forms. *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1187 (8th Cir. 2015). In *Griffioen*, the Eighth Circuit held "that a defendant's timely removal notice indicating consent on behalf of a codefendant, signed and

2

Case 4:16-cv-01237-RK    Document 19    Filed 02/16/17    Page 2 of 11

certified pursuant to Rule 11 and followed by the filing of a notice of consent from the codefendant itself, sufficiently establishes that codefendant's consent to removal." *Id.* at 1188.

As an exception to the rule of requiring codefendants to join in removal, defendants not yet served at the time of removal need not join in removal. *See Hutchins v. Priddy*, 103 F. Supp. 601, 603-04 (W.D. Mo. 1952); *Roberts v. Palmer*, 354 F. Supp. 2d 1041, 1044 (E.D. Mo. 2005). Later-served defendants may still object to removal. 28 U.S.C. § 1448 provides as follows:

> [i]n all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court. This section shall not deprive any defendant upon whom process is served after removal of his right to move to remand the case.

Courts in this circuit are divided on the manner in which a non-removing co-defendant satisfies the unanimity requirement. *Compare Sorell v. Garrison Property and Casualty, Ins. Co.*, No. 4:15-00845-HFS (Doc. 22) (W.D. Mo. Mar. 17, 2016) ("The later-served defendant's right to veto the removal by moving to remand renders any need for the later-served defendant to join the removal superfluous: if the later-served defendant wants to be in federal court he does nothing; if he prefers a state forum he moves to remand." (citation omitted)) *with Noel v. Laclede Gas Co.*, 612 F. Supp. 2d 1051, 1055-56 (E.D. Mo. 2009) ("Removal jurisdiction requires all defendants to join in the removal petition or [if later-served,] consent to removal within thirty days of service." (citation omitted)).

Here, Allstate's Notice of Removal states that Progressive and Stevenson were unserved defendants at the time of removal. (Doc. 1 at 2, ¶¶ 9-10.) Plaintiff's Motion to Remand then challenged the validity of removal on the basis that Allstate "has not shown the Court that the other Defendants join in the removal." (Doc. 7 at 3, ¶ 7.) In its opposition to the Motion to Remand, Allstate represents that "Progressive consents to removal of this case." (Doc. 10 at 2.) In support of this assertion, Allstate has also submitted an email, which is dated December 2, 2016, and appears to have been sent by a "Casualty Manager" at Progressive to Allstate's counsel, with the following subject line: "Mikelson vs. Allstate, Stevenson and Progressive Our Claim 16-4332567." (Doc. 10 at 7, Exhibit B.) The body of the email contains this statement: "this will confirm our discussion of this afternoon where I told you that Progressive consents to having this matter removed to federal court." (*Id.*) Plaintiff, in her reply, points out that "the

3

Sheriff has now filed his return. It actually shows that Progressive was served before Allstate was served. Both Defendants were served by the Director of Insurance of Jefferson City." (Doc. 11 at 2.)

Although the docket in this case does not contain proof of service upon Progressive, the Court takes judicial notice of the state court case, Jackson County, Missouri, Case No. 1616-CV26412. The state case includes a proof of service filed on November 28, 2016. Despite Plaintiff's assertion that "Progressive was served before Allstate[,]" the docket entries in the state court case indicate that both Allstate and Progressive were served at the same time on November 14, 2016. (Doc. 11 at 2, ¶ 3.) Additionally, there is no contention that the author of the email did not have authority to act on Progressive's behalf.

The Court finds that the unanimity requirement at this juncture is satisfied under the circumstances. Allstate was not required to obtain Stevenson's consent, as an unserved defendant, prior to removal.[1] Allstate was not required to obtain Progressive's consent prior to removal based on the mere fact that the record now indicates Progressive was served on the same day as Allstate. Even if Allstate were required to obtain Progressive's consent prior to removal, Allstate's representation in its suggestions in opposition together with the attached email, filed with the Court within thirty days of Progressive being served, would cure the asserted procedural defect in the removal. *See Griffioen*, 785 F.3d at 1187 (holding that an attorney's representation in a signed filing satisfies consent on behalf of a codefendant). Consequently, the Court concludes there was no procedural error on this basis.

### B.  Unserved Forum Defendant

Plaintiff's primary argument is that the Court should remand this case because removal is prohibited by the forum-defendant rule. In opposing remand, Allstate contends that the forum-defendant rule is inapplicable on two bases: (1) that Stevenson's citizenship should be ignored based on the plain language of 28 U.S.C. § 1441(b)(2) because she was not served at the time of removal; and (2) that Stevenson's citizenship should be ignored, regardless of whether she was served at the time of removal, because she is a nominal defendant against whom Plaintiff alleges no cause of action and seeks no remedy. As discussed below, the Court determines that Stevenson's citizenship cannot be ignored on the sole basis that she was not served at the time of removal. As to whether Stevenson is a nominal party, the parties have not provided sufficient

---

[1] The record in this case now reflects that Stevenson was served on February 2, 2017. (Doc. 17.)

case authority or information for the Court to address this question, and the Court will require additional briefing. The nominal defendant issue will be discussed in Part II.C.2.

### 1. Removal Standard

"[F]ederal courts are courts of limited jurisdiction." *Ark. Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812, 816 (8th Cir. 2009). Removal statutes are strictly construed against the intrusion on the right of state courts to decide their own controversies, and all doubts about the propriety of removal are resolved in favor of remand. *See City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 76 (1941); *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997). Stemming from the strict construction requirement, the party seeking to invoke a district court's jurisdiction bears the burden of establishing federal jurisdiction. *See In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010).

28 U.S.C. § 1441(a) allows an action to be removed if a district court has original jurisdiction. 28 U.S.C. § 1332(a) provides that a district court has original jurisdiction in a civil matter between diverse citizens in which the amount-in-controversy is at least $75,000. "The court's jurisdiction is measured at the time of removal." *Grawitch v. Charter Commc'ns, Inc.*, 750 F.3d 956, 959 (8th Cir. 2014) (citation omitted).

Removability based on diversity jurisdiction is subject to an exception known as the "forum-defendant rule" which is codified in 28 U.S.C. § 1441(b)(2). The forum-defendant rule limits federal jurisdiction based on diversity "by requiring that no joined and served defendants be a citizen of the state in which the action was initially brought." *Pecherski v. Gen. Motors Corp.*, 636 F.2d 1156, 1160 (8th Cir. 1981). Section 1441(b)(2) states:

> A civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b)(2). In addition, the Eighth Circuit has held that a violation of the forum-defendant rule is a jurisdictional defect. *Hurt v. Dow Chem. Co.*, 963 F.2d 1142, 1145 (8th Cir. 1992) (district court had no jurisdiction to hear a case that was removed in violation of forum-defendant rule); *Horton v. Conklin*, 431 F.3d 602, 605 (8th Cir. 2005) (noting circuit split and adhering to the rule in *Hurt*).

5

### 2. Application of Removal Standard and Construction of Forum-Defendant Rule

Here, it is undisputed that Stevenson is a citizen of Missouri (doc. 2 at 1, ¶ 2; doc. 7 at 1, ¶ 2), and that she was not served at the time of removal (doc. 7 at 2, ¶¶ 4-5; doc. 10 at 1, ¶ 2). The issue before the Court is whether the forum-defendant rule applies to preclude removal based on diversity jurisdiction where there is an unserved forum defendant. Courts, including in this district, are divided on this issue. Two primary approaches have developed by courts considering this issue; the analysis turns on the construction of Section 1441(b)(2)'s "properly joined and served" provision.

Some courts have strictly applied the plain meaning of the statute and permitted removal when a named forum defendant has yet to be served. *E.g.*, *Harvey v. Shelter Ins. Co.*, No. 13-392, 2013 U.S. Dist. LEXIS 60840, at *7 (E.D. La. Apr. 24, 2013) ("[T]he plain language of the statute must prevail over the plaintiff's policy arguments to the contrary. The statutory forum defendant rule simply does not support plaintiff's position."); *Brake v. Reser's Fine Foods, Inc.*, Case No. 4:08CV1879 JCH, 2009 U.S. Dist. LEXIS 5787, *9 (E.D. Mo. Jan. 28, 2009) (concluding that based on the statute's plain language, 28 U.S.C. § 1441(b)(2) does not apply where forum defendants were not served at the time of removal).

Other courts apply the congressional intent approach and conclude that the forum-defendant rule precludes removal when a forum defendant is named on the face of the complaint, regardless of whether or not the forum defendant has been served. *E.g.*, *Hensley v. Forest Pharms, Inc.*, 21 F. Supp. 3d 1030, 1036, Case No. 4:14CV00181 ERW (E.D. Mo. May 14, 2014) (concluding that the presence of an unserved forum defendant violates the forum defendant rule); *Ludwig v. Diamond Resorts Int'l Mktg, Inc.*, No. 6:14-cv-03111-BP (Doc. 10) (W.D. Mo. Apr. 23, 2014) (same); *see also* Moore's Federal Practice § 107.55[2] (2016) (describing that the modern trend among courts is to apply the forum-defendant rule even when no forum defendant has been served). Courts following the second approach, that refuse to allow removal where there is an unserved forum defendant, have found that strict adherence to the plain language of the statute "would be inconsistent with the fundamental purposes of removal and in contravention of the legislative intent behind the forum-defendant rule." *Hensley*, 21 F. Supp. 3d at 1036.

Generally, the rules of statutory construction provide that courts are to enforce statutes by their plain meaning. The Eighth Circuit has held that one of the exceptions to this rule is when a
6

statute's plain language produces a result "demonstrably at odds with the intentions of its drafters[.]" *Owner-Operator Indep. Drivers Ass'n v. United Van Lines, LLC*, 556 F.3d 690, 693 (8th Cir. 2009). The district court in *Perez v. Forest Labs., Inc.* conducted the following examination of the purposes underlying the removal statute:

> Removal based on diversity jurisdiction is premised on protecting non-resident litigants from prejudice in state court. The need for such protection [from local bias] is absent, however, in cases where the defendant is a citizen of the state in which the case is brought. In a similar fashion, with a case involving multiple defendants where at least one is a citizen of the forum state, the forum defendant rule still bars removal as the likelihood of local bias against all defendants is too attenuated to justify removal.
>
> . . .
>
> [T]he purpose of the 'joined and served' requirement is to prevent a plaintiff from blocking removal by joining as a defendant a resident party against whom it does not intend to proceed, and whom it does not even serve.

902 F. Supp. 2d 1238, 1242-43 (E.D. Mo. 2012) (internal citations and some quotation marks omitted). The Court finds this reasoning to be instructive. The Court therefore finds that adherence to the plain language rule in this situation would be inconsistent with the purpose of, and congressional intent behind, the removal statute. Therefore, the Court applies the congressional intent approach and concludes that the forum-defendant rule applies to preclude removal based on diversity jurisdiction where there is an unserved forum defendant.

Although for different reasons, the parties both cite to the Eighth Circuit's decision in *Pecherski* as a case exactly on point. In *Pecherski*, however, the question was whether the citizenship of an unserved defendant must be considered when such citizenship would destroy complete diversity (the plaintiff and the forum defendant were citizens of the same state). The Eighth Circuit held that the defendant had not met its burden to establish complete diversity, and in doing so, concluded that "[d]espite the 'joined and served' provision of section 1441(b), the prevailing view is that the mere failure to serve a defendant who would defeat diversity jurisdiction does not permit a court to ignore that defendant in determining the propriety of removal." 636 F.2d at 1160 (8th Cir. 1981) (citation omitted). The Eighth Circuit explained that a district court is not permitted to ignore the citizenship of a resident defendant for the sole reason that the defendant was not served at the time of removal because "the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service." *Id.* (citation omitted).

7

Here, the question is not whether Stevenson's citizenship destroys complete diversity, but whether Stevenson's presence invokes the forum-defendant rule despite not being served at the time of removal. Nonetheless, *Pecherski* provides that "in determining the propriety of removal based on diversity of citizenship, [the court] must consider all named defendants, regardless of service." *Id.* at 1160-61. The Eighth Circuit in *Pecherski* further noted that "[a]llowing unserved defendants to be ignored for removal purposes would create needless jurisdictional problems. Because simultaneous service upon multiple defendants is unlikely to occur, removal could be proper one day when service of certain defendants was completed, but improper the next day when all defendants have been served." *Id.* at 1061, n.6. This concern for potential jurisdictional problems is similar to the concerns expressed by courts following the congressional intent approach. For example, in one such case, the court remarked that "blindly applying" the plain language of Section 1441(b)(2) would allow defendants to "effectively always prevent imposition of the [forum-defendant rule] by monitoring state dockets and removing an action [prior to service.]" *Standing v. Watson Pharm., Inc.*, No. CV09-0527, 2009 U.S. Dist. LEXIS 30829, *4 (C.D. Ca. Mar. 26, 2009) (citation omitted).

Applying the congressional intent approach and in accordance with Eighth Circuit law, the Court concludes that the fact that Stevenson, a forum defendant, had not been served by the time of removal does not permit the Court to ignore Stevenson's citizenship for purposes of the forum-defendant rule. Moreover, this is not a situation where Plaintiff never attempted service on the forum defendant in that a summons was requested to be served on Stevenson at the outset. (Doc. 1-2 at 4.) Therefore, the fact that Stevenson had not yet been served at the time of removal does not preclude the imposition of the forum-defendant rule.

### C. Jurisdictional Issues

Having resolved (1) the rule of unanimity and (2) the forum-defendant rule with respect to an unserved forum defendant, the remaining issues relate to the Court's jurisdiction. The Court has an independent obligation to confirm that jurisdiction exists, *e.g., Reece v. Bank of New York Mellon*, 760 F.3d 771, 777-78 (8th Cir. 2014), which in this case involves the question of whether Stevenson's citizenship, as a forum defendant, can be ignored because she is a nominal party such that the forum-defendant rule is inapplicable to preclude removal, *see Hurt*, 963 F.2d at 1145 (violation of forum-defendant rule is jurisdictional). Additionally, Allstate contends that Count II is moot because Progressive has waived the subject lien. The remaining

8

dispute is therefore two-fold. The first issue is whether Progressive has in fact waived its lien such that Count II is moot and this Court lacks jurisdiction because of Article III's case and controversy requirement. If Count II is not moot, the next issue is then whether Stevenson is a nominal party such that this Court has jurisdiction over Count II because the forum-defendant rule is inapplicable.

### 1.  Issue of Mootness

As to the issue of mootness, Allstate contends that Progressive has "waived the PIP lien which effectively eliminates Progressive as a defendant as the applicability of the PIP lien was the subject of [Count II]" and submits a letter that it purports demonstrates that Progressive has waived the lien. (Doc. 10 at 6.) The letter appears to be sent from Progressive's "Claims Department" to Plaintiff's counsel. (*Id.*) Significantly, the letter is dated November 14, 2016, seven days prior to removal. Plaintiff, in spite of this, maintains in her reply brief that: "[a]t the time the removal was attempted by Allstate, [Progressive] was claiming that it was entitled to recoup $4,500.00 from Stevenson." (Doc. 11 at 2.)

The Court is not certain if it is a question of standing, case and controversy, or mootness, but the issue relates to the Court's jurisdiction. Federal courts are of limited jurisdiction and are empowered to hear only those cases within the judicial power as defined by Article III of the United States Constitution. Article III of the Constitution limits federal court jurisdiction to actual "cases" and "controversies." U.S. Const. art. III, § 2. For a plaintiff to have a justiciable case or controversy, a plaintiff must establish that he or she has standing to sue. *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1146 (2013). Standing requires a plaintiff to demonstrate, among other things, that plaintiff has suffered an "actual or imminent" injury, which is an injury that is "certainly impending." *Id.* at 1147. If Progressive has in fact waived the lien that is the subject of Count II, Plaintiff is requesting relief based on a hypothetical situation—that the lien need not be honored if it is claimed.

Therefore, the Court orders Plaintiff to show cause why Count II should not be severed and remanded for lack of subject-matter jurisdiction.

### 2.  Nominal Party

After reviewing the parties' arguments with respect to the issue of whether Stevenson is a nominal party, the Court is without sufficient information and case authority to resolve the issue.

9

Allstate's argument in opposing remand focuses on the fact that Stevenson was not served at the time of removal. Allstate then broadly maintains that "Plaintiff lodges no cause of action against [Stevenson]" and that "Plaintiff seeks absolutely no recovery from [Stevenson]." (Doc. 10 at 2.) In Plaintiff's reply, she makes several assertions: that "Stevenson has to be a party in the declaratory judgment action in order to bind her and in order for her to bind Progressive and Plaintiff[;]" that "Stevenson does not want to face a subrogation claim from Allstate on payment of Underinsured Motorist Benefits[; that] Stevenson doesn't want to face a claim from Progressive on the contract of insurance, claiming that it has a right of action against Stevenson[;] and that "[Stevenson] could be exposed in excess of her insurance coverage." (Doc. 11 at 2-4.) Neither party has provided case authority that is particularly helpful because none directly addresses to what extent the alleged tortfeasor has a legal interest in a declaratory action brought by the injured party against the injured party's insurer.

First, the Court rejects Plaintiff's intimation that the Stevenson has a legal interest in Count I. Plaintiff suggests no convincing circumstances, nor can the Court conceive of any, where the alleged tortfeasor possesses a legal interest in an action brought by the injured party only against the injured party's insurer and solely to establish uninsured motorist coverage. With respect to Count II, however, the parties will be directed to supplement their briefs to more fully explain their respective positions on whether Stevenson is a nominal party. Specifically, the parties are to address to what extent the alleged tortfeasor has a legal interest in a declaratory action brought by the injured party against the injured party's insurer as it applies to the facts of this case. In doing so, the parties are to provide case authority and analogy to support their respective positions.

**III. Conclusion**

Accordingly,

1. Plaintiff Sarah Mikelson's Motion to Remand (doc. 7) is **HELD IN ABEYANCE.**

2. On or before February 27, 2017, Plaintiff shall supplement its brief on the nominal party issue and respond to the Court's show cause directive. Upon such filing, Allstate shall have ten (10) days within which to file a response. No further briefing on these issues will be permitted without further order by the Court.

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark<br>
ROSEANN A. KETCHMARK, JUDGE<br>
UNITED STATES DISTRICT COURT

DATED: February 16, 2017